E-FILING

Filed

JUN - 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1  Fred W. Schwinn (SBN 225575)
   fred.schwinn@sjconsumerlaw.com
2  Jovanna R. Longo (SBN 251491)
   jovanna.longo@sjconsumerlaw.com
3  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
4  San Jose, California  95113-2418
   Telephone Number: (408) 294-6100
5  Facsimile Number: (408) 294-6190

6  Attorney for Plaintiff
   JO ANNE GRAFF

7

8

9           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                   SAN JOSE DIVISION

11  JO ANNE GRAFF,                        C 08 02818 RS

12                          Plaintiff,

                                          **COMPLAINT**
13  v.
                                          **DEMAND FOR JURY TRIAL**
14  LAW OFFICE OF HARRIS & ZIDE, a
    general partnership, and FLINT COREY   15 United States Code § 1692 *et seq.*
15  ZIDE, individually and in his official
    capacity,
16
                            Defendants.
17

18          Plaintiff, JO ANNE GRAFF (hereinafter "Plaintiff"), based on information and belief

19  and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her

20  attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

21                          **I. INTRODUCTION**

22          1.      This is an action for statutory damages, attorney fees and costs brought by an

23  individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C.

24  § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive,

25  deceptive and unfair practices.

26          2.      According to 15 U.S.C. § 1692:

27          a.      There is abundant evidence of the use of abusive, deceptive, and unfair debt

28  collection practices by many debt collectors.  Abusive debt collection practices

                                    -1-

1    contribute to the number of personal bankruptcies, to marital instability, to the loss

2    of jobs, and to invasions of individual privacy.

3    b.    Existing laws and procedures for redressing these injuries are inadequate to protect

4    consumers.

5    c.    Means other than misrepresentation or other abusive debt collection practices are

6    available for the effective collection of debts.

7    d.    Abusive debt collection practices are carried on to a substantial extent in interstate

8    commerce and through means and instrumentalities of such commerce.  Even where

9    abusive debt collection practices are purely intrastate in character, they nevertheless

10    directly affect interstate commerce.

11    e.    It is the purpose of this title to eliminate abusive debt collection practices by debt

12    collectors, to insure that those debt collectors who refrain from using abusive debt

13    collection practices are not competitively disadvantaged, and to promote consistent

14    State action to protect consumers against debt collection abuses.

## II.  JURISDICTION

16    3.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

17    1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

18    4.    This action arises out of Defendants' violations of the Fair Debt Collection

19    Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## III.  VENUE

21    5.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

22    that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

23    district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

24    Defendants transact business in this judicial district and the violations of the FDCPA complained

25    of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

27    6.    This lawsuit should be assigned to the San Jose Division of this Court because

28    a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara

1  County.

## V. PARTIES

2

3         7.      Plaintiff, JO ANNE GRAFF (hereinafter "Plaintiff"), is a natural person

4  residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15

5  U.S.C. § 1692a(3).

6         8.      Plaintiff is informed and believes, and thereon alleges that Defendant, LAW

7  OFFICE OF HARRIS & ZIDE, (hereinafter "HARRIS & ZIDE"), is or was at all relevant times, a

8  general partnership engaged in the business of collecting debts in this state with its principal place

9  of business located at: 1445 Huntington Drive, Suite 300, South Pasadena, Los Angeles County,

10 California 91030-4553.  HARRIS & ZIDE may be served as follows:  Law Offices of Harris &

11 Zide, c/o Flint Corey Zide, General Partner, 1445 Huntington Drive, Suite 300, South Pasadena, Los

12 Angeles County, California  91030-4553.  The principal business of HARRIS & ZIDE is the

13 collection of debts using the mails and telephone, and HARRIS & ZIDE regularly attempts to collect

14 debts alleged to be due another.  HARRIS & ZIDE is a "debt collector" within the meaning of 15

15 U.S.C. § 1692a(6).

16        9.      Defendant, FLINT COREY ZIDE (hereinafter "ZIDE"), is a natural person,

17 a licensed attorney in the state of California, and is or was an employee, agent, and/or general

18 partner of HARRIS & ZIDE at all relevant times.  ZIDE may be served at his current business

19 address at:  Flint Corey Zide, Law Offices of Harris & Zide, 1445 Huntington Drive, Suite 300,

20 South Pasadena, Los Angeles County, California  91030-4553.  ZIDE is a "debt collector" within

21 the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges that

22 ZIDE is liable for the acts of HARRIS & ZIDE because he is a general partner of HARRIS & ZIDE,

23 he sets and approves HARRIS & ZIDE collection policies, practices, procedures, and he directed

24 the unlawful activities described herein.

25        10.     At all times herein mentioned, each of the Defendants was an officer, director,

26 agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said

27 times, each Defendant was acting in the full course and scope of said office, directorship, agency,

28 service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further

-3-

COMPLAINT

1   qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

2                          **VI.  FACTUAL ALLEGATIONS**

3          11.    On a date or dates unknown to Plaintiff, Plaintiff incurred a financial

4   obligation that was primarily for personal, family or household purposes, namely a consumer credit

5   card account issued by CitiBank, and bearing the account number XXXX-XXXX-XXXX-2377

6   (hereinafter "the debt").  The financial obligation owed to CitiBank by Plaintiff is a "debt" as that

7   term is defined by 15 U.S.C. § 1692a(5).

8          12.    Sometime thereafter, on a date unknown to Plaintiff, the debt was consigned,

9   placed or otherwise transferred to Defendants for collection from Plaintiff.

10         13.    Thereafter, Defendants sent a collection letter dated February 22, 2007

11  (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is

12  defined by 15 U.S.C. § 1692a(2).

13         14.    A true and accurate copy of the collection letter dated February 22, 2007,

14  from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is

15  incorporated herein.

16         15.    The collection letter dated February 22, 2007 (Exhibit "1") was Defendants'

17  first written notice initially addressed to Plaintiff in connection with collecting the debt owed to

18  CitiBank.

19         16.    The collection letter dated February 22, 2007 (Exhibit "1"), was mailed in an

20  envelope on which a postage meter imprint dated February 22, 2007, was printed.

21         17.    Plaintiff is informed and believes, and thereon alleges that Defendants

22  deposited the envelope containing the February 22, 2007, collection letter (Exhibit "1") in the United

23  States Mail on or about February 22, 2007.

24         18.    The collection letter dated February 22, 2007 (Exhibit "1") bears the signature

25  of Defendant, ZIDE.

26         19.    The collection letter dated February 22, 2007 (Exhibit "1") represented or

27  implied that the Plaintiff's account had been reviewed by ZIDE.

28         20.    Plaintiff is informed and believes, and thereon alleges that ZIDE had not

-4-
COMPLAINT

1    conducted a professional review of the Plaintiff's account before sending the collection letter dated

2    February 22, 2007 (Exhibit "1") to Plaintiff.  See *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993)

3    and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

4         21.    Plaintiff is informed and believes, and thereon alleges that the collection letter

5    dated February 22, 2007 (Exhibit "1") misrepresented the role and involvement of legal counsel.

6         22.    Plaintiff is informed and believes, and thereon alleges that the collection letter

7    dated February 22, 2007 (Exhibit "1") misrepresented the true source or nature of the

8    communication thereby making false statements in an attempt to collect a debt.

9         23.    On or about March 18, 2007, Plaintiff's counsel, Fred W. Schwinn of the

10   Consumer Law Center, Inc., sent a letter to Defendants via facsimile which stated in relevant part:

11       Please be advised that the consumer debtor in the matter referenced above has
     retained the services of the Consumer Law Center, Inc., to assist in the matter of debt

12   relief.  The purpose of this letter is two-fold.  First, I wish to provide you with
     written notice in your capacity as a creditor, collection agent, or collection attorney

13   that this consumer debtor, now our client, is in fact and in law **REPRESENTED BY
     AN ATTORNEY.**  As a result of this notice, and pursuant to Section 1692(b)(6) of

14   Title 15 of the United States Code and Section 1788.14(c) of the California Civil
     Code, you are to immediately terminate any further direct or indirect contacts with

15   our client.  Please note that such prohibited contacts include, but are not limited to,
     all forms of communication by letter, phone, fax, email or any other means.  This

16   also includes any contact directly or indirectly with any employer, family member,
     friend, or other creditor of our client.

17

18        24.    A true and accurate copy of the Plaintiff's counsel's March 18, 2007,

19   representation letter is attached hereto, marked Exhibit "2," and by this reference is incorporated

20   herein.

21        25.    A <u>Memory Transmission Report</u> attached as the last page of Exhibit "2"

22   verifies that the 4 page document was transmitted to facsimile machine 626-799-8419 on March 18,

23   2007, and that said transmission was completed and that all pages were received and that the

24   <u>Memory Transmission Report</u> was generated which confirmed said transmission and receipt.

25        26.    Plaintiff is informed and believes, and thereon alleges that Defendants had

26   actual knowledge that Plaintiff was represented by an attorney with regard to the debt owed to

27   Citibank on March 18, 2007.

28        27.    After receiving Plaintiff's counsel's letter notifying Defendants of Plaintiff's

1  representation by an attorney (Exhibit "2"), Defendants continued to communicate directly with

2  Plaintiff in an attempt to collect the debt.

3         28.    Defendants sent a collection letter dated August 23, 2007 (Exhibit "3"),

4  directly to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined

5  by 15 U.S.C. § 1692a(2).

6         29.    A true and accurate copy of the August 23, 2007, collection letter from

7  Defendants to Plaintiff is attached hereto, marked Exhibit "3," and by this reference is incorporated

8  herein.

9         30.    The collection letter dated August 23, 2007 (Exhibit "3"), was mailed in an

10  envelope on which a postage meter imprint dated August 24, 2007, was printed.

11         31.    Plaintiff is informed and believes, and thereon alleges that Defendants

12  deposited the envelope containing the August 23, 2007, collection letter (Exhibit "3") in the United

13  States Mail on or about August 24, 2007.

14         32.    The collection letter dated August 23, 2007 (Exhibit "3") bears the signature

15  of Defendant ZIDE.

16         33.    The collection letter dated August 23, 2007 (Exhibit "3") represented or

17  implied that the Plaintiff's account had been reviewed by ZIDE.

18         34.    Plaintiff is informed and believes, and thereon alleges that ZIDE had not

19  conducted a professional review of the Plaintiff's account before sending the collection letter dated

20  August 23, 2007 (Exhibit "3") to Plaintiff.  See *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993)

21  and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

22         35.    Plaintiff is informed and believes, and thereon alleges that the collection letter

23  dated August 23, 2007 (Exhibit "3") misrepresented the role and involvement of legal counsel.

24         36.    Plaintiff is informed and believes, and thereon alleges that the collection letter

25  dated August 23, 2007 (Exhibit "3") misrepresented the true source or nature of the communication

26  thereby making false statements in an attempt to collect a debt.

27         37.    Defendants sent a collection letter dated January 28, 2008 (Exhibit "4"),

28  directly to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined

COMPLAINT

1 | by 15 U.S.C. § 1692a(2).

2 |    38.    A true and accurate copy of the January 28, 2008, collection letter from

3 | Defendants to Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated

4 | herein.

5 |    39.    The collection letter dated January 28, 2008 (Exhibit "4"), was mailed in an

6 | envelope on which a postage meter imprint dated January 29, 2008, was printed.

7 |    40.    Plaintiff is informed and believes, and thereon alleges that Defendants

8 | deposited the envelope containing the January 28, 2008, collection letter (Exhibit "4") in the United

9 | States Mail on or about January 29, 2008.

10 |    41.    The collection letter dated January 28, 2008 (Exhibit "4") bears the signature

11 | of Defendant ZIDE.

12 |    42.    The collection letter dated January 28, 2008 (Exhibit "4") represented or

13 | implied that the Plaintiff's account had been reviewed by ZIDE.

14 |    43.    Plaintiff is informed and believes, and thereon alleges that ZIDE had not

15 | conducted a professional review of the Plaintiff's account before sending the collection letter dated

16 | January 28, 2008 (Exhibit "4") to Plaintiff.  See *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993)

17 | and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

18 |    44.    Plaintiff is informed and believes, and thereon alleges that the collection letter

19 | dated January 28, 2008 (Exhibit "4") misrepresented the role and involvement of legal counsel.

20 |    45.    Plaintiff is informed and believes, and thereon alleges that the collection letter

21 | dated January 28, 2008 (Exhibit "4") misrepresented the true source or nature of the communication

22 | thereby making false statements in an attempt to collect a debt.

23 | **VII.  CLAIMS**

24 | **FAIR DEBT COLLECTION PRACTICES ACT**

25 |    46.    Plaintiff brings the first claim for relief against Defendants under the Federal

26 | Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

27 |    47.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through

28 | 45 above.

1          48.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

2  1692a(3).

3          49.     Defendant, HARRIS & ZIDE, is a "debt collector" as that term is defined by

4  the FDCPA, 15 U.S.C. § 1692a(6).

5          50.     Defendant, ZIDE, is a "debt collector" as that term is defined by the FDCPA,

6  15 U.S.C. § 1692a(6).

7          51.     The financial obligation owed to CitiBank by Plaintiff is a "debt" as that term

8  is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9          52.     Defendants have violated the FDCPA.  The violations include, but are not

10  limited to, the following:

11                   a.     Defendants continued to communicate directly with Plaintiff

12                        regarding the collection of the debt owed to Citibank after they knew

13                        that Plaintiff was represented by an attorney with respect to the debt,

14                        in violation of 15 U.S.C. § 1692c(a)(2);

15                   b.     Defendants falsely represented or implied that attorney ZIDE had

16                        reviewed Plaintiff's file when ZIDE had done so, in violation of 15

17                        U.S.C. §§ 1692e(3) and 1692e(10);

18                   c.     Defendants falsely represented the role and involvement of legal

19                        counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10); and

20                   d.     Defendants misrepresented the true source or nature of the collection

21                        communications, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and

22                        1692e(10).

23          53.     Defendants' acts as described above were done intentionally with the purpose

24  of coercing Plaintiff to pay the debt.

25          54.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

26  award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

27                       **VIII.  REQUEST FOR RELIEF**

28      Plaintiff requests that this Court:

COMPLAINT

a.    Assume jurisdiction in this proceeding;

b.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(3) and 1692e(10);

c.    Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3);

e.    Award Plaintiff such other and further relief as may be just and proper.


CONSUMER LAW CENTER, INC.


By: /s/ Jovanna R. Longo
Jovanna R. Longo, Esq.
Attorney for Plaintiff
JO ANNE GRAFF


**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Jovanna R. Longo
Jovanna R. Longo, Esq.


**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JO ANNE GRAFF, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Jovanna R. Longo
Jovanna R. Longo, Esq.

COMPLAINT

# HARRIS & ZIDE

1445 HUNTINGTON DRIVE, SUITE 300
SOUTH PASADENA, CALIFORNIA 91030
(626) 799-8444 FAX (626) 799-8419

*ROBERT T. HARRIS
(1929 - 2003)
FLINT C. ZIDE
SUSAN STULLER FRANK
SHERIF FATHY

FEBRUARY 22, 2007

JODIE GRAFF,

210 EL CARMELO AVE
PALO ALTO CA 94306-2377

Re: CITIBANK   #5424180179016461/BANK/LB10
    Total Balance Due:   $2668.65

We represent CITIBANK.  Your account has been referred to us for action
to collect the above balance due on your account.  We hope that we can
get the balance paid without legal action, however, California Code of
Civil Procedures section 1033 (b) (2) requires us to advise you that in
the event of legal action, such legal action could result in a judgment
against you that would include the costs and necessary disbursements
allowed by law.

Unless you notify us within thirty days after receipt of this letter that
the validity of this debt, or any portion of it, is disputed, we will
assume that the debt is valid.  If you do notify us in writing within the
30 day period that this debt, or any portion thereof, is disputed, we will
obtain verification of the debt and mail it to you.  Upon your written
request within the 30 day period, we will provide the name and address of
the original creditor if it is different from the current creditor.  This
communication is an attempt to collect a debt and any information obtained
will be used for that purpose.  We are debt collectors.

The state Rosenthal Fair Debt Collection Practices Act and the federal
Fair Debt Collection Practices Act require that, except under unusual
circumstances, collectors may not contact you before 8:00 a.m. or
after 9:00 p.m.  They may not harass you by using threats of violence
or arrest or by using obscene language.  Collectors may not use false
or misleading statements or call you at work if they know or have
reason to know that you may not receive personal calls at work.  For
the most part, collectors may not tell another person, other than your
attorney or spouse, about your debt.  Collectors may contact another
person to confirm your location or enforce a judgment.  For more
information about debt collection activities, you may contact the
Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Please call Ms ALICE GARCIA at (626)799-8444 to discuss this matter.

Sincerely,

FLINT C. ZIDE / SHERIF FATHY
Attorney at Law
430093 571

EXHIBIT
1

UNITED STATES POSTAGE

$ 00.39⁰

02 1A
000432005 4    FEB 22 2007
MAILED FROM ZIP CODE 91030

LAW OFFICES OF

Harris & Zide

1445 HUNTINGTON DRIVE
SUITE 300
SOUTH PASADENA, CALIFORNIA 91030

ADDRESS CORRECTION REQUESTED

## Consumer Law Center, Inc.

12 South First Street, Suite 416
San Jose, CA 95113-2404
(408) 294-6100
Fax: (408) 294-6190

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: 626-799-8419

To:          Flint C. Zide
of:          Law Office of Harris & Zide
From:        Fred W. Schwinn
Client/Matter: Jo Anne Graff - Acct No. 5424-1801-7901-6461
Date:        March 18, 2007

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Letter with attachment | 3 |
| | |
| | |
| | |

COMMENTS:
Original will NOT follow.

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US
IMMEDIATELY AT (408) 294-6100.



# CONSUMER LAW CENTER, INC.
## 12 South First Street, Suite 416
### San Jose, CA  95113-2404

Fred W. Schwinn
fred.schwinn@sjconsumerlaw.com

(408) 294-6100
Fax (408) 294-6190

Via Fax to:  626-799-8419

March 18, 2007

Flint C. Zide
Law Office of Harris & Zide
1445 Huntington Drive, Suite 300
South Pasadena, CA  91030

In the Matter of:    Jo Anne Graff
                     210 El Carmelo Avenue
                     Palo Alto, CA  94306
Your Account or File No(s).: 5424-1801-7901-6461

Dear Sir or Madam:

I have attached a copy of your most recent correspondence for your reference.  Please be advised that the consumer debtor in the matter referenced above has retained the services of the Consumer Law Center, Inc., to assist in the matter of debt relief.  The purpose of this letter is two-fold.  First, I wish to provide you with written notice in your capacity as a creditor, collection agent, or collection attorney that this consumer debtor, now our client, is in fact and in law REPRESENTED BY AN ATTORNEY.  As a result of this notice, and pursuant to Sections 1692b(6) and 1692c(a)(2) of Title 15 of the United States Code and Section 1788.14(c) of the California Civil Code, you are to immediately terminate any further direct or indirect contacts with our client. Please note that such prohibited contacts include, but are not limited to, all forms of communication by letter, phone, fax, email or any other means.  This also includes any contact directly or indirectly with any employer, family member, friend, or other creditor of our client.

Second, this letter is intended to dissuade your firm from filing a lawsuit against our client and reducing the amount that is allegedly owed to a judgment.  Should you choose to file a lawsuit against our client in this matter, please be advised that I have reviewed with our client the list of California exemptions provided by the Judicial Counsel of California and I have determined that our client owns no property that could be subject to attachment or levy.  Furthermore, our client is disabled and unemployed.  Our client is therefore "judgment proof."  Should you decide to reduce the amount allegedly owed to a judgment, it will remain uncollectible.

Upon receipt of this letter, any future direct or indirect contacts with our client will result in our office filing a claim against you under the Federal Fair Debt Collection Act, the California Civil Code, and any other available and applicable state or federal laws.  If it becomes necessary to file any and all such claims, then please be advised and take due notice that our client will be seeking actual damages, statutory damages, court costs, and our reasonable attorney fees based on our hourly

rate of $ 300.00. You are also hereby placed on notice that if unlawful and illegal conduct persists or is egregious, then our client will also seek an award of punitive damages as may be determined at the discretion of the Court.

Based on the foregoing, any further communications concerning our client and/or the subject debt must be directed to the Consumer Law Center, Inc. Be advised that any request for information will be addressed in a reasonable time period.

Until advised otherwise, you should mark this matter as "disputed." I anticipate your cooperation herein.

Very Truly Yours,

Fred W. Schwinn, Esq.

MEMORY TRANSMISSION REPORT

| | |
|---|---|
| TIME | : 03-18-'07 13:00 |
| FAX NO.1 | : 408-294-6190 |
| NAME | : Consumer Law Center |

| | | |
|---|---|---|
| FILE NO. | : | 159 |
| DATE | : | 03.18 12:59 |
| TO | : | ☎16267998419 |
| DOCUMENT PAGES | : | 4 |
| START TIME | : | 03.18 12:59 |
| END TIME | : | 03.18 13:00 |
| PAGES SENT | : | 4 |
| STATUS | : | OK |

\*\*\*    SUCCESSFUL TX NOTICE    \*\*\*

**Consumer Law Center, Inc.**
12 South First Street, Suite 416
San Jose, CA 95113-2404
(408) 294-6100
Fax: (408) 294-6190

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: 626-799-8419

| | |
|---|---|
| To: | Flint C. Zide |
| of: | Law Office of Harris & Zide |
| From: | Fred W. Schwinn |
| Client/Matter: | Jo Anne Graff - Acct No. 5424-1801-7901-6461 |
| Date: | March 18, 2007 |

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Letter with attachment | 3 |

COMMENTS:
Original will NOT follow.

The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (408) 294-6100.

# HARRIS & ZIDE

1445 HUNTINGTON DRIVE, SUITE 300
SOUTH PASADENA, CALIFORNIA 91030
(626) 799-8444

\*ROBERT T. HARRIS
(1929 - 2003)
FLINT C. ZIDE
SHERIF FATHY
SCOTT G. GREENE
DEBT COLLECTION ATTORNEYS

AUGUST 23, 2007

JODIE GRAFF
210 EL CARMELO AVE
PALO ALTO CA 94306-2377

SETTLEMENT OPPORTUNITY

REF: CITICORP CREDIT SERVICES, INC.

DEAR, JODIE GRAFF:

We have been given permission by our client to offer you
an opportunity to clear up the obligation that you owe the above
creditor at a significant reduction in the amount due if
you can pay the reduced balance in cash.

If you can arrange for a cash payment to settle this debt please
phone us at (626) 799-8444 immediately.

Even if you have to borrow the money, the reduction that we can
offer you, should more than pay the cost of the borrowed amount
including interest.

This letter is an attempt to collect a debt.  Any information
obtained will be used for that purpose.  We are debt collectors.

Please call MR. PONCE today at (626) 799-8444.

Sincerely,

FLINT C. ZIDE / SHERIF FATHY
Attorney at Law
430093
059


EXHIBIT
3

LAW OFFICES OF

Harris & Zide

1445 HUNTINGTON DRIVE
SUITE 300
SOUTH PASADENA, CALIFORNIA 91030

ADDRESS CORRECTION REQUESTED

# HARRIS & ZIDE

1445 HUNTINGTON DRIVE, SUITE 300
SOUTH PASADENA, CALIFORNIA 91030
(626) 799-8444  FAX  (626) 799-8419

*ROBERT T. HARRIS
(1929 - 2003)
FLINT C. ZIDE
SHERIF FATHY
CHRISTINA RYMSZA
DEBT COLLECTION ATTORNEYS

JANUARY 28, 2008

JODIE GRAFF
210 EL CARMELO AVE
PALO ALTO CA 94306-2377

RE: CITICORP CREDIT SERVICES, INC. / JODIE GRAFF 430093
    Balance:    $2668.65

DEAR, JODIE GRAFF

We have not heard from you in some time, nor have we
reached a satisfactory resolution of the above account.

It is hoped that we will not be forced to take further
action to collect this debt.

Please contact P65 at (626) 799-8444.

This is an attempt to collect a debt.  Any information
obtained will be used for that purpose.  We are debt collectors.

Sincerely,

FLINT C. ZIDE / SHERIF FATHY
ATTORNEY AT LAW

430093 222





LAW OFFICES OF

Harris & Zide

1445 HUNTINGTON DRIVE
SUITE 300
SOUTH PASADENA, CALIFORNIA 91030

ADDRESS CORRECTION REQUESTED

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

JO ANNE GRAFF

**DEFENDANTS**

LAW OFFICE OF HARRIS & ZIDE, et al.

**(b)** County of Residence of First Listed Plaintiff Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100

Attorneys (If Known)

C08 02818 ADR RS E-FILING

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane — [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability — [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander — [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine — **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [X] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability — [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle — [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability — [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury — [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting — [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act |  | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations — **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare — [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment — [ ] 535 Death Penalty |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other — [ ] 540 Mandamus & Other | **IMMIGRATION** |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights — [ ] 550 Civil Rights | [ ] 462 Naturalization Application |  |  |
|  | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee |  |  |
|  |  | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Fair Debt Collection Practices Act, 15 U.S.C. sec 1692 et seq.

Brief description of cause:
Unlawful debt collection practices.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

[ ] SAN FRANCISCO/OAKLAND    [X] SAN JOSE

DATE May 20, 2008

SIGNATURE OF ATTORNEY OF RECORD
Jovanna Longo